874

ERNESTO D. REYES ET AL., Plaintiffs and Appellees, v. LAS
MONJAS RACING CORPORATION ET AL., Defendants and Appellants.

No. 5267. Argued April 7, 1930.—Decided May 6, 1930.

*Feliú & La Costa*, for appellants. *R. Rivera Zayas*, for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The amended complaint in the present case alleged the existence of a contract whereby Ernesto D. Reyes obtained from "Las Monjas Racing Corporation" the exclusive right to sell printed forms for pool tickets (*cuadros*) in the race track of the said corporation in Hato Rey, Río Piedras, for fifteen years, in consideration of the payment to the corporation of one cent for each pool ticket so sold at the price of five cents, and an additional sum in the event such price should be increased—these among other stipulations and conditions. It was also alleged that a law had been passed by the Legislature of Porto Rico, and approved by the Governor on April 26, 1929, to take effect 90 days after such approval, amending several sections of the so-called "Racing Act" (*Ley Hípica*), approved May 4, 1927; that on the last day of the legislative session of 1929, there was introduced in the House of Representatives and finally approved as a part of the said law, an amendment which provided that the printed blank forms used for pool combinations in horse

racing should be sold at five cents each, of which amount two cents would be deducted to pay printing expenses and the balance to be paid into the Insular Treasury, to be used in the prophylaxis of tuberculosis in children; that the said law, in so far as it fixed the price of the said pool tickets and imposed a tax to provide revenues, was unconstitutional for certain stated reasons; that Ernesto D. Reyes wrote to the defendant corporation stating that the said law was unconstitutional and void and requesting the defendant to define its attitude as regards that law and a compliance therewith, and that the directors at a special meeting voted to comply with the said law as to the sale and price of the tickets and payment of the tax it imposed; that the plaintiffs, who are stockholders of the "Las Monjas Racing Corporation," did not have time to apply for and obtain the holding of a general meeting of stockholders to discuss the matter and for that reason they have brought the present suit; that the defendants intend to comply with the said law, and they prayed for a judgment declaring the said amendment to section 15 of the said law to be unconstitutional and void, and enjoining the defendant corporation from complying with the said section, especially as regards the sale of printed pool tickets at the price fixed by the said law and as to the payment of the tax imposed thereby.

The defendants answered and denied some of the averments of the complaint. They denied that the statutory provision involved altered or amended the original purpose of the law as introduced in the Senate, or that it constituted an addition to the statute not covered by its title, or that it infringed the provisions of the Organic Act, or that it levied a tax in favor of The People of Porto Rico, or that it deprived the defendant corporation or any of its stockholders of their liberty or property without due process of law or of their right to the equal protection of the laws. They also denied that the said enactment destroyed or impaired the obligation of contracts, or took private property for public

use, or that any injury was caused to the corporation by reason of the said law, and pleaded by way of special defense that the court had no jurisdiction of the action, that the plaintiffs have been guilty of laches, that the facts stated in the complaint do not constitute a cause of action, that the plaintiffs have no legal capacity or personality to bring this suit, and that there is another action pending between Ernesto D. Reyes and the corporation.

The complaint in the present case bears date July 31, 1929.

The case was tried on September 9 of that year and, on November 19 following, the court rendered judgment in favor of the defendant, without special pronouncement of costs. It is stated in the opinion filed with that judgment, that the Legislature of Porto Rico provided by section 15 of Act No. 44 of 1929, that the printed blank forms used for pool combinations in the horse races should be sold by the corporation operating the race track at five cents each, of which amount the sum of two cents for each blank form was to be deducted to defray printing expenses and the balance or remainder to be expended by the Commissioner of Health in the prophylaxis of tuberculosis in children; that the said act went into effect on July 25, 1929; that on June 17 of that year the Governor issued a call for a special session of the Legislature to consider, among other matters, amendments to sections 15 and 40 of the Racing Act; that during that session the Legislature passed Act No. 9, approved July 1, 1929, repealing the part or proviso already mentioned of said section 15, and that the repealing act did not take effect until September 30 of that year; all of which appeared from the evidence heard. The trial judge further declared that in repealing the cited provision, which was originally a part of Act No. 44 of 1929, the Legislature intended to deprive that provision of all force and effect. He concluded, therefore, that the case presented a purely academic question. Nevertheless, he passed upon the main issues involved, including the defenses pleaded in the answer; but he maintained that, once section

15 of Act No. 44 was repealed, the court could not enjoin the execution of the provisions of said section, since the same had ceased to exist as a valid enactment. For that reason, and as he was of the opinion that it would be academic to grant an injunction restraining the execution of an act, which could not be performed in the absence of a law authorizing it, and similarly to decree the invalidity or unconstitutionality of an Act which had already been repealed, he denied the injunction.

The judgment rendered was in accordance with the opinion above summarized, and an appeal was taken therefrom by the defendants.

Now the plaintiffs and appellees have moved for a dismissal of the appeal on the grounds that the judgment does not prejudice the defendants and appellants, who therefore lack the character of parties aggrieved by such judgment; that the appeal is frivolous and without merit; and that the questions raised by the appellants are moot.

That motion has been opposed by the appellants, who contend that the appeal is neither frivolous nor academic for several reasons, among others, because the judgment contained no pronouncement of costs when costs should have been awarded; because the action was really instituted by Reyes for his own benefit and not for that of the corporation; and for other reasons set forth in the opposing papers.

In reality, once the statutory provision alleged to be unconstitutional was repealed, since the acts of which the plaintiffs complained, to wit, the sale of pool-ticket blanks at the price fixed by the repealed provisions together with the deductions therein provided and the tax thereby imposed, could not take place under the new law, we fail to perceive how a writ of injunction could be issued to restrain acts which could not be carried out in any manner, as the law which vitalized them or made them possible had ceased to exist. Under the circumstances existing at the time the case was decided below, and in view of the character of the relief

asked by the complainants, the judge could not issue the writ of injunction sought.

We have serious doubt as to the soundness of some of the contentions of the defendants and appellants.

In *Zorrilla* v. *Santana*, 28 P.R.R. 301, 302, this court said:

"The general rule is that an appeal cannot be taken from a part of a judgment unless (as in Porto Rico) a statute permits it. 3. C. J. 466. Where there is a discretion to award costs, but such discretion is reviewable (as in Porto Rico), orders denying costs are reviewable. 3 C. J. 537. Here the complainant made a special effort to obtain costs and is aggrieved by the judgment against him. So much is this so, that the secretary of the district court notified him as if he were the one prejudiced by the judgment."

A fact which, whatever its real importance, should not be overlooked by us now is that the amended complaint— the only complaint which we find in the transcript of record —was dated July 31, 1929. Act No. 9, passed by the Legislature at its special session of 1929, was approved on July 1 of that year. That act, therefore, was known to the plaintiffs, as their amended complaint shows. Whether or not this circumstance should be allowed to influence the decision as to the imposition of costs and to incline the discretion of the court in either direction, is a question proper for determination when considering the appeal on its merits. As to that aspect of the case, we decide nothing at this time; it suffices that the point is doubtful and debatable. Thus considered, the appeal is not entirely frivolous.

For the reasons stated, the motion to dismiss the appeal must be denied.